IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CONSTELLATION NEWENERGY, INC., | * |
| Plaintiff, | * |
| v. | * Civil Case No. 21-01829-SAG |
| 1949 FOOD CORP., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Constellation NewEnergy, Inc. ("CNE") filed a Complaint in this Court against Defendant 1949 Food Corp. ("1949 Food") seeking damages resulting from an alleged breach of two contracts between the parties. ECF 1. Now pending is 1949 Food's Motion to Vacate Void Default Judgment. ECF 16. This Court has reviewed the motion, along with the opposition and reply. ECF 18-1, 25. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion to Vacate Void Default Judgment will be granted.

I.  FACTUAL AND PROCEDURAL BACKGROUND

In November, 2019, CNE and 1949 Food executed two written agreements. One agreement, the "EME Agreement," provided that a third-party, Resnick Supermarket Equipment Corp. ("Resnick"), would install new electrical equipment at 1949 Food's supermarket in New York. CNE would pay Resnick upfront for the equipment and would invoice 1949 Food on a monthly basis to recoup the equipment costs. The EME Agreement provides, in relevant part:

> **Governing Law:** This Contract will be governed by Maryland law, without respect to its conflict of law principles. The parties irrevocably submit to venue and exclusive jurisdiction of the courts located in Maryland.

ECF 11-2 at 4.

The second agreement CNE and 1949 Food entered in November, 2019 was an electricity supply agreement ("ESA Agreement"), pursuant to which CNE would supply electricity to 1949 Food's New York supermarket in exchange for payment. The ESA Agreement provides, in relevant part:

> THIS AGREEMENT WILL BE GOVERNED BY AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE IN WHICH ANY ACCOUNT IS LOCATED, WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PROVISIONS, AND ANY CONTROVERSY OR CLAIM ARISING FROM OR RELATING TO THIS AGREEMENT WILL BE SETTLED IN ACCORDANCE WITH THE EXPRESS TERMS OF THIS AGREEMENT BY A COURT LOCATED IN SUCH STATE.

ECF 11-3 at 8.

Problems developed almost immediately, in part because Resnick, according to 1949 Food, installed the incorrect equipment. ECF 16-1 at 2. 1949 Food did not therefore make the agreed payments to CNE for the equipment or the provision of electricity. *Id*. CNE filed its Complaint for breach of contract on July 22, 2021. ECF 1. On September 30, 2021, CNE filed a "Proof of Service" which states:

> I certify that I served Ali Hamdan, (Registered Agent For 1949 Food Corp) (Served On: Moe (Refused Last Name), Manager For 1949 Food Corp) at 4:56 pm on 09-17-2021, at work- 1949 Stillwell Ave, Brooklyn, NY 11223 . . . .
>
> The person I left the papers with acknowledged being: (1) A resident of the above listed address; (2) of suitable discretion in that the relationship to the defendant is: **Manager for 1949 Food Corp** and that; (3) the above listed is the defendant's residence or usual place of abode.

ECF 5.

When 1949 Food did not respond timely to this action, this Court granted a default judgment on January 5, 2022. ECF 13. On February 3, 2023, 1949 Food filed the instant motion seeking to vacate the void default judgment, arguing improper service of process. ECF 16. Specifically, Ali Hamdan, the President and registered agent of 1949 Food, submitted a declaration

stating that (1) he was never served with process, (2) at the time of the alleged service of process, 1949 Food "had no officer, director, worker, employee, or manager named 'Moe,' who fits the description of the individual described in the Proof of Service"; and (3) 1949 Food first learned of this lawsuit when its bank contacted it to advise that CNE was attempting to execute on the default judgment. ECF 16-2 at 2.

## II.     LEGAL STANDARDS

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Acad. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). Thus, motions to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

Rule 60(b)(4) permits this Court to relieve a party from final judgment where "the judgment is void." Fed. R. Civ. P. 60(b)(4). One basis for such finding would be a lack of personal jurisdiction. *Koehler v. Dodwell,* 152 F.3d 304, 306 (4th Cir. 1998) ("[A]ny judgment entered against a defendant over whom the court does not have personal jurisdiction is void."). Personal jurisdiction requires valid service of process, among other criteria. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131 (4th Cir. 2020) (quoting *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019)).

## III.    ANALYSIS

The critical question in this case, then, is whether 1949 Food was properly served. The burden rests with the plaintiff, CNE, to establish valid service. *O'Meara v. Waters,* 464 F. Supp. 2d 474, 476 (D. Md. 2006). To meet that burden, CNE relies heavily on its proof of service, arguing

3

that "[a] proper return of service is prima facie evidence of valid service of process" and that "a mere denial of service is not sufficient" to rebut the presumption that service was validly effected. ECF 18-1 at 6 (quoting *Bd. of Trustees of the Int'l Union of Operating Engineers, Local 37 Benefit Funds v. Chesapeake Crane Serv., Inc.,* Civ. No. GLR-13-1245, 2016 WL 1253285, at *2 (D. Md. Mar. 30, 2016)). In this case, however, the return of service itself contains indicia of unreliability, such that its validity cannot be fairly presumed. The return of service states contradictorily that the process server served both "Ali Hamdan" and "Moe," and represents that "Moe" is a "resident" of the address where service took place. ECF 5. That address is a store, not a home. Thus, while a mere denial of receiving service might not be enough to undermine a presumption of validity, 1949 Food presents more. The sworn declaration by Ali Hamdan that he neither received service himself nor employed anyone named "Moe" meeting the description in the return of service, combined with the patently inaccurate statements on the face of the return of service itself, defeat CNE's attempt to establish valid service.

Moreover, even assuming that "Moe" was in fact the store manager, service upon a store manager does not suffice for valid service upon a corporation under either the Federal Rules of Civil Procedure or New York state law. *See* Fed. R. Civ. P. 4(h)(1) (providing that a business entity may be served, among other ways, "in the manner prescribed by Rule 4(e)(1) for serving an individual," which in turn allows service in accordance with state law). Specifically, both the Federal Rules and New York law permit a corporation to be served by delivering a copy of the summons and complaint to a "managing or general agent." Fed. R. Civ. P. 4(h)(1)(B); N.Y. C.P.L.R. § 311(a)(1). "Under both federal and New York law, the well-established definition of a managing or general agent is a person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent, who acts in an

inferior capacity and under the direction and control of a superior authority, both in regard to the extent of his duty and the manner of executing it." *d'Amico Dry D.A.C. v. McInnis Cement Inc.*, 469 F. Supp. 3d 185, 190 (S.D.N.Y 2020) (cleaned up)); *Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014) ("[T]he phrase 'managing or general agent' does not refer to any agent of the corporation, but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise."). There is simply no evidence that "Moe" held such a high-level position at 1949 Food. Moreover, while the New York provision allows service to a "cashier or assistant cashier," N.Y. C.P.L.R. § 311(a)(1), this refers to "a financial official within the ranks of the managerial hierarchy." *Cooney*, 994 F. Supp. 2d at 270 (internal quotation marks omitted). Accordingly, New York courts have repeatedly found service upon purported store or restaurant managers to be insufficient. *See, e.g.*, *Macerich Queens Ltd. P'ship v. M.I.E. Hospitality, Inc.*, 746 N.Y.S.2d 341, 342 (N.Y. Civ. Ct. 2002) (finding service on a restaurant manager insufficient in the absence of evidence that it was a "managing agent" of the corporate defendant); *Zen Music, Inc. v. CVS Corp.*, Civ. No. 98-4246(DLC), 1998 WL 912102, at *3-4 (S.D.N.Y. Dec. 30, 1998) (deeming service improper where plaintiff lacked evidence to establish that the store manager was authorized to accept service of process).

Furthermore, given (1) the impropriety in the service, (2) Mr. Hamdan's declaration that he had no notice of the suit until his bank informed him that CNE was trying to collect the judgment, and (3) the fact that default dispositions are disfavored, this Court declines to rely on the general presumption that correctly mailed notices have been received in order to uphold the default judgment against 1949 Food. *See In re Weiss*, 111 F.3d 1159, 1172-73 (4th Cir. 1997). Such presumption is particularly unpersuasive where, as here, there is no other indicia suggesting

that 1949 Food had actual notice and the docket does not conclusively establish the address where the Court's notices were mailed.

Finally, while it is not necessary to adjudicate this issue in the context of the motion to vacate the default judgment, this Court notes that there appears to be a serious question about its ability to exercise personal jurisdiction over 1949 Food as to at least some portion of CNE's claim. While CNE formatted its complaint as a single breach of contract count, it alleges violations of two separate contracts within that count: the ESA Agreement and the EME Agreement. Somewhat inexplicably, these two corporate entities entered two agreements in November, 2019 but included different choice of law provisions, providing for their disputes to be adjudicated in two different venues. Even if CNE is correct that, as to the EME Agreement, this Court has personal jurisdiction over 1949 Food because it agreed to the choice of law provision, it appears this Court might lack personal jurisdiction as to the ESA Agreement portion of the breach of contract claim, because that contract's venue provision specifies that disputes will be brought in New York courts. While this Court will await the presumably forthcoming motion to dismiss for lack of personal jurisdiction before adjudicating the issue, the significant jurisdictional question provides yet another reason mitigating in support of voiding the default judgment.

IV.   **CONCLUSION**

For the reasons stated above, this Court concludes that the default judgment at ECF 13 is void. It will be vacated by separate order, and 1949 Food will be afforded the customary time from the date of this Memorandum Opinion and Order to respond to the Complaint.

Dated:  July 12, 2023                                         /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge